Robert Harford, Respondent, *v.* Charles A. Stoneham et al., Individually and as Copartners under the Firm Name of Charles A. Stoneham & Co., Appellants, Impleaded with Another.

(Argued December 2, 1929; decided February 13, 1930.)

*Frank H. Hiscock, I. Maurice Wormser* and *Leo J. Bondy* for appellants. Prejudicial errors were committed by the trial court in permitting the introduction in evidence of the books and records of Clarke, without first showing that the books were correctly kept or that appellants had knowledge of or connection with the entries therein. (*Lent* v. *Shear,* 160 N. Y. 462; *Franklin* v. *Hoadley,* 145 App. Div. 228; *Cuyler* v. *McCartney,* 40 N. Y. 228; *Dutton* v. *Woodman,* 9 Cush. 255; *Schupp & Sons* v. *Barnett,* 210 App. Div. 546; *Chipman* v. *Palmer,* 77 N. Y. 51; *Dresch* v. *Elliott,* 137 App. Div. 252.)

*Caruthers Ewing, Clinton De Witt Van Siclen* and *Wellington S. Crouse* for respondent. No error, if any was committed, would justify a reversal of the judgment based on the jury's verdict. (*People* v. *Atwater,* 229 N. Y. 303; *Kittredge* v. *Grannis,* 244 N. Y. 169; *Fuller*

v. *Robinson*, 86 N. Y. 306; *Marvin* v. *Brooks*, 94 N. Y. 71; *Prout* v. *Chisholm*, 21 App. Div. 54; *Haight* v. *Haight*, 112 App. Div. 475; 190 N. Y. 540; *Stiebel* v. *Lissberger*, 166 App. Div. 164; 222 N. Y. 604; *Keys* v. *Leopold*, 213 App. Div. 760; *Lipkien* v. *Krinski*, 192 App. Div. 454; *Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348; *Brown* v. *Montgomery*, 20 N. Y. 287; *Devoe* v. *Brandt*, 53 N. Y. 462; *Strong* v. *Repide*, 213 U. S. 419; *Stewart* v. *Wyoming Co.*, 128 U. S. 383; *Copper Process Co.* v. *Chicago Co.*, 262 Fed. Rep. 66; 12 Ruling Case Law, 310.)

*Per Curiam.* The essential allegation is actual conversion by Charles A. Stoneham & Company rather than the allegation of a conspiracy to convert by these defendants. Conversion by the Stoneham firm has been proved by the testimony of defendant Robertson and corroborated by plaintiff's Exhibit 79. This document was properly admitted in evidence. It conforms so closely with Robertson's description of the recapitulation sheet that the jury was warranted by the evidence in inferring that the two papers were identical. There is, therefore, proof that the agreement between Stoneham & Company and Clarke & Company to which plaintiff consented, contemplated actual physical delivery of plaintiff's securities by Stoneham & Company to Clarke & Company and that, without plaintiff's knowledge and without direction from any apparent agent, Stoneham withheld such delivery, sold plaintiff's shares of stock and his subscription rights in such stock and applied the proceeds to the reduction of the debt owed by Clarke & Company to Stoneham & Company. The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; POUND, LEHMAN and KELLOGG, JJ., dissent on the ground of error in the admission of Exhibit 79.

Judgment affirmed.